UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-167-RJC

| | |
|---|---|
| JACKIE LEE DOVER, SR., | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| MICHAEL BALL, Administrator, Avery/Mitchell Correctional Institution,[1] | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion To Proceed In Forma Pauperis, (Doc. No. 3), and on initial review by the Court of Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254.

**I.  BACKGROUND**

On September 17, 2010, in Lincoln County Superior Court, a jury convicted Petitioner of felonious breaking and entering a motor vehicle, felonious larceny, and felonious possession of stolen goods, with the charges arising out of events occurring on September 7, 2008. The trial court sentenced Petitioner to 107 to 138 months of imprisonment. Petitioner appealed and on November 1, 2011, the North Carolina Court of Appeals affirmed Petitioner's conviction. State v. Dover, 718 S.E.2d 424 (N.C. Ct. App. 2011). Petitioner states in the petition that on February 23, 2012, he filed a Motion for Appropriate Relief in Mecklenburg County Superior Court, which motion was denied on May 30, 2012.[2] On May 30, 2012, Petitioner filed a petition for

---

[1] Petitioner was incarcerated at Avery/Mitchell Correctional Institution when he filed his petition, but North Carolina Department of Public Safety records indicate he is currently confined at Mountain View Correctional Institution.
[2] Petitioner did not attach the MAR Court's Order denying relief to his petition, but he did attach

1

writ of certiorari in the North Carolina Court of Appeals, which motion was denied by order dated June 4, 2012. See (Doc. No. 1 at 20).

Petitioner placed the § 2254 petition in the prison mail system on or around October 24, 2012, and it was stamp-filed in this Court on October 26, 2012. Petitioner brings the following claims in his habeas petition: (1) significant and constitutional changes in the sentencing laws of North Carolina, effective December 1, 2009, rendered his conviction in violation of the Eighth Amendment to the U.S. Constitution; and (2) under North Carolina's Justice Reinvestment Act, failure to reduce Petitioner's sentence in the same manner as other criminal defendants violates his Eighth and Fourteenth Amendment rights.[3]

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

The Court first considers Petitioner's motion to proceed in forma pauperis. The custodian of Mountain View Correctional Institution has submitted an inmate trust fund certification, stating that as of June 27, 2013, Petitioner had a balance of $0.11 in his inmate trust

---

his MAR, in which he raised the claim he now raises regarding the amendments to North Carolina's sentencing laws. See (Doc. No. 1 at 16-19).

[3] Petitioner is referring to amendments to North Carolina's Structured Sentencing Act, see N.C. GEN. STAT. § 15A-1340.17(c)-(d), with regard to offenses committed on or after December 1, 2009, see Act of Aug. 28, 2009, 2009 N.C. Sess. Laws 555, §§ 1-2, and offenses committed on or after December 1, 2011. See Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192, § 2(e)-(f).

account. (Doc. No. 5 at 1). The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The Court grants Petitioner's motion to proceed in forma pauperis, as it is clear that he does not have sufficient funds with which to pay the filing fee.

The Court next considers the merits of Petitioner's claims. In 2009, the North Carolina legislature amended the North Carolina Structured Sentencing Act ("SSA"), reducing the sentence lengths for certain crimes. The December 1, 2009, amendments to the SSA were expressly made prospective only and do not apply to offenses committed before December 1, 2009. See N.C. GEN. STAT. § 15A-1340.17 (2009) ("effective December 1, 2009, and [applicable] to offenses committed on or after that date"). Furthermore, North Carolina's Justice Reinvestment Act of 2011 ("JSA"), effective December 1, 2011, reduced sentences for habitual felons. The JRA also expressly states that it is prospective only and does not apply to offenses committed before its effective date. See N.C. GEN. STAT. § 14-7.6 (2011). Here, Petitioner was convicted based on offenses committed before the 2009 and 2011 sentencing amendments were made effective. Petitioner is essentially contending in his § 2254 petition that the failure to apply the sentencing amendments retroactively violates his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

Petitioner raised the substance of his claims in his MAR, and the MAR Court denied the claims on the merits.[4] (Doc. No. 1 at 6). The MAR Court's denial of Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings. This Court finds no

---

[4] Petitioner did not attach the MAR Court's denial as an exhibit to the petition, and the Court is relying on Petitioner's assertion that the MAR Court denied his MAR. There is no reason to doubt the veracity of Petitioner's assertion, since he would not have filed this § 2254 petition if the MAR Court had granted relief on the claims he raises here.

clearly established Supreme Court precedent prohibiting a state legislature from prospectively reducing the maximum sentence for a crime even though prisoners who committed offenses before enactment of the state sentencing law will serve a longer term of imprisonment than prisoners who committed offenses after enactment of the sentencing law. Indeed, courts generally presume that "legislation, especially of the criminal sort, is not to be applied retroactively" unless the legislature clearly requires otherwise. Johnson v. United States, 529 U.S. 694, 701 (2000). In other words, a habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are only to be applied prospectively. See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004) ("[W[e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit."); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (holding that the prospective application of a state sentencing law did not violate equal protection for those prisoners sentenced under a prior sentencing scheme).

Furthermore, as to Petitioner's contention that the disparity between the sentence he received under North Carolina's prior sentencing laws and the sentence an offender would receive under the 2009 and 2011 amendments violates his Fourteenth Amendment due process rights, the federal Constitution does not require "that two persons convicted of the same offense receive identical sentences." Williams v. Illinois, 399 U.S. 235, 243 (1970). Thus, the fact that Petitioner, as an earlier offender, received a higher sentence than later offenders does not violate the Federal Constitution. See Doe v. Mich. Dep't of State Police, 490 F.3d 491, 504 (6th Cir. 2007).

Finally, Petitioner asserts in conclusory fashion that North Carolina courts have applied

4

the sentencing law amendments retroactively to other offenders who, like Petitioner, committed their offenses before the amendments became effective. The sole fact that another defendant received a different sentence for the same offense does not provide grounds for vacating the harsher sentence. United States v. Avalos, 462 F. App'x 378, 381 (4th Cir. 2012) (citing United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005)). "A criminal sentence violates the Equal Protection Clause 'only if it reflects disparate treatment of similarly situated defendants lacking any rational basis.'" Id. (quoting United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005)). Accordingly, when comparing sentences, if the defendants are not similarly situated, or the disparity in their sentences has a rational basis, neither sentence is unconstitutional merely because it is different from the other. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012) (stating that "comparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing") (citing United States v. Abu Ali, 528 F.3d 210, 267 (4th Cir. 2008)). Here, Petitioner points to no particular case or instance in which another inmate was similarly situated to Petitioner and where the inmate received the benefit of the prior sentencing laws in a manner that rendered Petitioner's own sentence unconstitutional.

In sum, Petitioner's claims are without merit, and his § 2254 petition will therefore be dismissed.[5]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's § 2254 petition, (Doc. No. 1), is **DISMISSED** with prejudice;

(2) Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 3), is **GRANTED**; and

---

[5] Petitioner did not sign the petition under penalty of perjury. Since the Court is dismissing the petition on the merits, the Court will not require Petitioner to re-submit the petition signed under penalty of perjury.

5

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 18, 2013

Robert J. Conrad, Jr.
United States District Judge